**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

ANEES SOUS,

     Plaintiff,

                                        Case No. 08-14923

v.                                    Hon. Lawrence P. Zatkoff

MICHAEL CHERTOFF, Secretary of U.S. Department
of Homeland Security; U.S. IMMIGRATION AND CUSTOMS
ENFORCEMENT (USICE), JULIE MYERS, Assistant
Secretary of USICE, U.S. DEPARTMENT OF HOMELAND
SECURITY, JONATHAN SHARFEN, Acting Director of USCIS
MICHAEL NEIFACH, Principal Legal Advisor of USICE,
KATHLEEN ALCORN, Chief Counsel of the Detroit District
Office of USICE, and MICHAEL MUKASEY, Attorney
General of the United States,

     Defendants.

_____/

## OPINION AND ORDER

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on May 11, 2009

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

## I. INTRODUCTION

This matter is before the Court on Defendants' motion to dismiss [dkt 6]. Plaintiff has not responded to this motion and the time period in which to do so has elapsed. The Court finds that the facts and legal arguments are adequately presented in Defendants' papers such that the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. Mich. L.R. 7.1(e)(2), it is hereby ORDERED that the motion be resolved on the brief submitted. For the following reasons, Defendants' motion to dismiss is GRANTED.

Also before the Court is Plaintiff's motion to stay removal [dkt 4]. As the Court lacks

subject-matter jurisdiction to hear this matter, it is ORDERED that Plaintiff's motion to stay removal is DENIED as MOOT.

## II. BACKGROUND

Plaintiff, a Jordanian citizen, entered the United States in 1982 on a student visa; however, he failed to comply with his status of admission (*i.e.*, that he remain a student). As a result, the Immigration and Naturalization Service[1] (INS) initiated removal proceedings against Plaintiff in January 2001.

An Immigration Judge (IJ) denied Plaintiff's application for cancellation of removal, finding that Plaintiff had not established that removal would "result in exceptional and extremely unusual hardship" to his children as required by 8 U.S.C. § 1229b(b)(1)(D). Pl.'s Compl. Ex. 3. In declining to exercise discretionary relief, the IJ noted that Plaintiff was not forthright with the court regarding his tax filings, and he admitted to not reporting his full income for 1991. The IJ's decision was upheld by the Board of Immigration Appeals (BIA). *See id.* Ex. 4. Further appeal to the Sixth Circuit Court of Appeals was dismissed for lack of jurisdiction. *See id.* Ex. 6.

Subsequently, Plaintiff's wife was approved for an I-130 alien visa, of which Plaintiff is a derivative beneficiary. Plaintiff sought to reopen his removal proceedings so that the BIA could adjust his status based on this development. Plaintiff, aware that his motion to reopen was time-barred, requested that the government join his motion, which would have excused his untimeliness. *See* 8 C.F.R. § 1000.3(c)(3)(iii). The government declined to join Plaintiff's motion. *See* Pl's Compl. Ex. 17. Plaintiff nonetheless filed his motion, which the BIA denied as untimely, having

---

[1]This agency is now known as the United States Citizenship and Immigration Services and is a bureau of the Department of Homeland Security.

been filed well outside the prescribed 90-day time period. *Id.* Ex. 20.

Plaintiff now seeks a writ of *audita querela* to compel Defendants to join Plaintiff in his motion to reopen his removal proceedings. In response, Defendants filed the current motion, in which they challenge the Court's subject-matter jurisdiction, arguing that the Court is statutorily prohibited from reviewing claims of this nature.

### III. LEGAL STANDARD

A motion challenging the basis for the Court's subject-matter jurisdiction is brought under Fed. R. Civ. P. 12(b)(1). "Where subject matter jurisdiction is challenged under Rule 12(b)(1) . . . the *plaintiff* has the burden of proving jurisdiction in order to survive the motion." *Rogers v. Stratton Indus., Inc.*, 798 F.2d 913, 915 (6th Cir. 1986). The proper standard of review is dependent upon whether the moving party makes a facial or factual attack on the plaintiff's complaint. *See Ohio Nat. Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990). In a facial challenge, where the moving party attacks the sufficiency of the complaint, the Court accepts the allegations of the complaint as true. *See id*. Dismissals for lack of subject-matter jurisdiction are generally without prejudice. *See Mitan v. Int'l Fidelity Ins. Co.*, 23 Fed. Appx. 292, 298 (6th Cir. 2001); *see also* 5B Alan Wright and Arthur R. Miller, Federal Practice and Procedure, § 1350 pp. 207-10 (3d ed. 2004).

### IV. ANALYSIS

**A. Subject-Matter Jurisdiction**

Plaintiff asserts federal-question jurisdiction under 28 U.S.C. § 1331 via the All Writs Act, 28 U.S.C. § 1651. The text of the Act provides that the Court "may issue all writs necessary or appropriate *in aid of [its] respective jurisdiction[]* and agreeable to the usages and principals of

3

law." § 1651(a) (emphasis added).  As evinced by the emphasized language, the Act is not itself an independent source of federal jurisdiction.  *See Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 33 (2002); *Gabhart v. Cocke County, Tenn.*, 155 Fed. Appx. 867, 872 (6th Cir. 2005).  Thus, Plaintiff's asserted ground of jurisdiction fails to establish the Court's jurisdiction.

Even if the Court's jurisdiction were properly established, the Court cannot comprehend how a writ of *audita querela* would afford Plaintiff the relief sought.  A writ of *audita querela* is an ancient common law writ used to "obtain relief against the consequences of the judgment on account of some matter of defense or discharge  arising since its rendition . . . ."  Black's Law Dictionary 120 (5th ed. 1979).  The writ has generally been abolished in civil cases by the Federal Rules of Civil Procedure.  *See id.*; *see also* Fed. R. Civ. P. 60(e).  Plaintiff claims that the writ remains available in immigration cases, but his cited case law involves only cases in which the writ was issued to relieve the plaintiff of the collateral consequences of an underlying criminal conviction.  *See, e.g.*, *United States v. Khalaf*, 116 F. Supp. 2d 210 (D. Mass. 1999); *United States v. Salgado*, 692 F. Supp. 1265 (E.D. Wash. 1988).  Here, Plaintiff does not specify what collateral consequences he seeks relief from—or, for that matter, which judgment these consequences stem from—and draws no correlation between the writ and his proposed relief.

Instead, Plaintiff requests that the Court order Defendants to join his motion to reopen his removal proceedings so that the time limitation is waived.  *See* 8 C.F.R. § 1000.3(c)(3)(iii).  Such relief smacks of mandamus rather than *audita querela*, as Plaintiff seeks to "compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."  28 U.S.C. § 1361.

Even if the Court were to construe Plaintiff's application as requesting mandamus relief, that

4

characterization would not rectify Plaintiff's jurisdictional deficiencies.  In an analogous situation, a federal district court found that:

> The proffered Regulation provides no meaningful standard against which the Court may assess [Immigration and Custom Enforcement's] refusal to join the motion.  ICE is not subject to any Regulation or statute which requires it to join a motion to reopen under any defined circumstances.  ICE's denial of plaintiff's request to join her motion was therefore discretionary.  The Court finds that ICE's decision against joining the motion to reopen the proceedings was taken pursuant to its statutory discretion.

*Mohamed v. Melville*, No. 06-cv-1116, 2007 WL 1721964, at *4 (D. Minn. June 8, 2007) *aff'd*, 274 Fed. Appx. 495 (8th Cir. 2008).  *See also Aguilera v. Kirkpatrick*, 241 F.3d 1286, 1293 (10th Cir. 2001) ("Because the regulation lacks criteria or standards limiting official discretion, the government has unfettered discretion to deny the requested relief for no reason at all.").  The refusal to join Plaintiff's motion was discretionary and there was no duty owed.  Therefore, jurisdiction would not exist under § 1361.  *See Maczko v. Joyce*, 814 F.2d 308, 310-11 (6th Cir. 1987); *Shpata v. Ashcroft*, No. 1:03CV0231, 2005 WL 1126745, at *1 (N.D. Ohio May 2, 2005).

As Plaintiff has failed to establish the Court's subject-matter jurisdiction, the Court need not address Defendants' contention that the Court's review of this matter is barred by 8 U.S.C. § 1252(g).

**B. Motions to Stay**

Plaintiff has twice moved to stay his deportation.  Within the complaint, Plaintiff requests a stay pending the BIA's reopening and adjudication of his petition.  Plaintiff also separately filed a motion to stay [dkt 4], asking that the Court stay his deportation pending the resolution of the current matter.  As the Court lacks subject-matter jurisdiction to hear Plaintiff's complaint, the Court denies these requests as moot.

## V.  CONCLUSION

This Court lacks jurisdiction to adjudicate Plaintiff's application or grant any relief therein.

Accordingly, IT IS HEREBY ORDERED that Defendants' motion to dismiss is GRANTED and

Plaintiff's complaint is DISMISSED.

IT IS FURTHER ORDERED that Plaintiff's motion to stay [dkt 4] is DENIED as MOOT.

This order dispenses with all remaining issues and closes the case.

IT IS SO ORDERED.


S/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated:  May 11, 2009

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of
record by electronic or U.S. mail on May 11, 2009.


S/Marie E. Verlinde
Case Manager
(810) 984-3290

6